# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-50600
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 15, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TIMOTHY WAYNE WETLESEN,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:04-CR-110-1

Before HIGGINBOTHAM, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Timothy Wayne Wetlesen, federal prisoner # 36245-180, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for a sentence reduction based on Amendment 782 to the United States Sentencing Guidelines, which lowered the base offense levels in the drug quantity table set forth in U.S.S.G. § 2D1.1(c). The district court denied the motion because Wetlesen's sentence already fell within the amended guidelines range. It also

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

emphasized its consideration of the 18 U.S.C. § 3553(a) sentencing factors, including Wetlesen's criminal history.

Wetlesen urges that the district court should have reduced his sentence to the corresponding level in the new range. He also contends that the district court's reliance on his criminal history was unjustified and ran afoul of the intent of Amendment 782. Wetlesen further asserts that the district court failed to comply with the two-step inquiry for sentence reductions set forth in *Dillon v. United States*, 560 U.S. 817, 826–27 (2010). Finally, he avers that the district court's denial of his motion will result in widespread sentencing disparities.

A district court that is considering a Section 3582(c)(2) motion must conduct a two-part analysis. *Id.* at 826. First, the court must determine whether a prisoner is eligible for a reduction. *Id.* at 826–27. If this question is answered affirmatively, then the district court must "consider any applicable § 3553(a) factors and determine whether, in its discretion," any reduction is warranted under the particular facts of the case. *Id.* at 827.

A sentencing court is under no obligation to reduce a sentence pursuant to a Section 3582(c)(2) motion. *United States v. Evans*, 587 F.3d 667, 673 (5th Cir. 2009). The district court's decision whether to grant such a motion is reviewed only for an abuse of discretion. *United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011). If the record shows that the district court considered the motion as a whole and at least implicitly accounted for the Section 3553(a) factors, then there is no abuse of discretion. *United States v. Whitebird*, 55 F.3d 1007, 1010 (5th Cir. 1995).

Review of the record in light of pertinent authority shows no abuse of discretion in the district court's disposition of Wetlesen's Section 3582(c)(2) motion. *See Henderson*, 636 F.3d at 717. Although Wetlesen was eligible for

a reduction, the district court was not required to give him one. *See Evans*, 587 F.3d at 673. The district court explicitly noted that Wetlesen already had the benefit of a sentence within the amended range and explained that it took the Section 3553(a) factors into account when considering the motion.

Moreover, the district court's emphasis on Wetlesen's criminal history goes to the Section 3553(a)(1) concerns of "the nature and circumstances of the offense and the history and characteristics of the defendant." Consequently, the district court acted properly by taking them into consideration. *See Whitebird*, 55 F.3d at 1010. Similarly, the record shows that the district court deliberated upon the motion and conducted the two-part *Dillon* inquiry before denying it, and, thus, did not abuse its discretion. *See id.* Finally, outside of speculation, Wetlesen has not established how the denial of his Section 3582(c)(2) motion will lead to widespread sentencing disparities.

The judgment of the district court is AFFIRMED.